OFL

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VENETTA BOWEN<br>3639 Marietta Avenue, Apt # 1<br>Lancaster, PA 17601<br><br>          Plaintiff,<br><br>v.<br><br>KEYSTONE SERVICE<br>SYSTEMS, INC., d/b/a KEYSTONE<br>HUMAN SERVICES OF LANCASTER<br>211 Granite Rune Drive<br>Lancaster, PA 17601<br>          and<br>MARY LAROCHELLE<br>c/o Keystone Human<br>Service Systems, Inc., d/b/a Keystone<br>Human Services of Lancaster<br>211 Granite Rune Drive<br>Lancaster, PA 17601<br><br>          Defendants. | CIVIL ACTION<br><br>CASE NO.: 15-1948<br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br>JUL 24 2015<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

### FIRST AMENDED CIVIL ACTION COMPLAINT

    Plaintiff, Venetta Bowen (hereinafter referred to as "Plaintiff" unless indicated otherwise), hereby complains as follows against Keystone Service Systems, Inc., d/b/a Keystone Human Services of Lancaster and Mary LaRochelle (hereinafter referred to as "Defendants" unless otherwise indicated), and avers as follows:

### INTRODUCTION

    1.    Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951, *et seq.*). The terms and conditions of Plaintiff's

employment were unlawfully altered, and she was denied a promotion in violation of the above laws.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

6. Plaintiff has properly exhausted her administrative remedies with respect to her PHRA claims before initiating this action by timely dual-filing her aforementioned EEOC Charge with the Pennsylvania Human Relations Commission, and by filing the instant lawsuit after more than one (1) year has elapsed from her filings with said Agencies.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Keystone Service Systems, Inc. (hereinafter "Defendant Entity," if referred to individually) is an entity that provides care, assistance, and living oversight for individuals who suffer from mental retardation, autism, and other mental-health problems. This entity is also incorporated in Pennsylvania.

10. Defendant Mary LaRochelle (hereinafter "Defendant LaRochelle," if referred to individually) is upon information and belief a high-level manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, promoting, issuing discipline, and approving and/or disapproving medical leave.

11. Defendant Entity is an "employer" within the meaning of the FMLA because, at all times relevant herein, Defendant Entity has employed at least fifty (50) or more employees for at least 20 weeks during each calendar year of Plaintiff's employment with Defendant Entity.

12. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was employed with Defendant Entity as a Senior Support Specialist for approximately five (5) years through mid-2014, and Plaintiff was considered to work from Defendant Entity's Lancaster, Pennsylvania location ("the Lancaster location").

15. During her period of employment with Defendant Entity, she was supervised indirectly by Defendant LaRochelle, a Service Director for Defendant Entity within the Lancaster location. Plaintiff also had a direct supervisor above her reporting to Defendant LaRochelle.

16. Through early 2014, Plaintiff was advanced in a pregnancy, as she ranged from 6-9 months pregnant through the first several months of the year (January through March of 2014).

17. Very early into 2014, Plaintiff had confirmed with Defendant LaRochelle and human resources of her intent to take a maternity leave and provided estimated maternity leave dates for her leave of absence (a leave of absence that was FMLA qualifying).

18. Prior to Plaintiff's actual maternity leave, which extended from on or about April 4, 2014 through on or about June 9, 2014, Plaintiff's immediate supervisor ceased working as a supervisor of Plaintiff.

19. In 2014 and prior to her maternity leave, Plaintiff was asked to fill in as a supervisor and was paid enhanced compensation for performing the role of her primary supervisor. Plaintiff was exceptionally qualified to perform the supervisory role and performed it very well.

20. Plaintiff discussed with Defendant Entity's management, including Defendant LaRochelle, the possibility of her being hired full-time for the position and clearly expressed the desire for continuity in the same position on a going-forward basis.

4

21. In or about late March of 2014, Plaintiff was however informed by Defendant LaRochelle that Defendant LaRochelle didn't think she could handle the supervisor position as a new mom in light her pregnancy and with her upcoming leave (which was FMLA leave).

22. As a direct consequence of Defendant LaRochelle's directly expressed discriminatory views, Plaintiff was not considered or permitted to remain in the supervisor position she had performed on a full-time basis leading up to her FMLA-qualifying maternity leave. Specifically, as of late March 2014, Plaintiff was informed she would not be given the supervisory position formally or permanently due to Defendant LaRochelle's discriminatory views.

23. Instead of giving Plaintiff the promotion to supervisor for which she was qualified and specifically sought, the position was given to a male with minimal (if any) experience (but in any event, far less qualification and experience than Plaintiff possessed).

24. Following her return from the aforesaid maternity leave, Plaintiff continued to work in a non-promoted capacity with Defendant Entity.

### First Cause of Action
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
(Pregnancy / Gender Discrimination)
- Against Defendant Entity Only -

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was not promoted to a supervisory position solely by attributes of her gender and/or pregnancy, which constitutes unlawful discrimination.

27. These actions as aforesaid constitute violations of Title VII (and/or the Pregnancy Discrimination Act).

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)
- Against All Defendants -

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff worked for Defendant Entity for more than 1 year.

30. Plaintiff worked for Defendant Entity for at least 1,250 hours in the year preceding her medical leave of absence commencing in April of 2014.

31. Defendant Entity is engaged in a business affecting interstate commerce.

32. Defendant Entity employed at least 50 employees within 75 miles of Plaintiff's worksite(s) for the entire years of 2013 and 2014.

33. Plaintiff was eligible for FMLA leave as of April of 2014.

34. Defendants unlawfully took into consideration Plaintiff's need for FMLA leave, her attempt to exercise her FMLA rights, her request for FMLA leave, and her intended use of FMLA leave as a material consideration in deciding not to promote her in the Spring of 2014.

35. Defendant LaRochelle is personally liable because she aided and abetted the interference and retaliation and personally participated in the retaliatory and discriminatory decisions asserted herein.

36. These actions as aforesaid constitute both interference and retaliation violations of the FMLA.

### Third Cause of Action
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Pregnancy / Gender Discrimination)
### - Against Defendant Entity Only -

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff re-asserts and re-alleges each and every allegation as set forth in her First Cause of Action, *supra*, as such actions constitute identical violations of the PHRA.

39. Defendant's actions as aforesaid constitute violations of the PHRA.

40. As a result of Defendant's violations of the PHRA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against and/or retaliating against employees (including Plaintiff) and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto and/or to properly promote Plaintiff and make her whole for losses she suffered on account of her discriminatory and/or retaliatory treatment;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination, interference and/or retaliation at the hands of Defendants until the date of verdict;

7

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: *[signature]*
Adam C. Lease
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 22, 2015