IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENETTA BOWEN, | : | |
| Plaintiff | : | JUDGE LEESON |
| | : | |
| v. | : | |
| | : | NO. 15-1948 |
| KEYSTONE SERVICE SYSTEMS, INC., | : | |
| d/b/a KEYSTONE HUMAN SERVICES OF | : | |
| LANCASTER, and MARY LaROCHELLE | : | JURY TRIAL DEMANDED |
| Defendants | : | |
| | : | |

## ANSWER TO FIRST AMENDED CIVIL ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Keystone Service Systems, Inc. ("Defendant Keystone") and Mary LaRochelle ("Defendant LaRochelle") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Answer and affirmative defenses to the First Amended Civil Action Complaint (the "Amended Complaint") filed by Plaintiff Venetta Bowen ("Plaintiff").

## INTRODUCTION

1. Paragraph 1 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent that a response is deemed necessary, the averments of Paragraph 1 are denied.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent that a response is deemed necessary, it is admitted only that this Court currently has jurisdiction over Plaintiff's federal claims.

1

3. Paragraph 3 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent that a response is deemed necessary, it is admitted that this Court has personal jurisdiction over Defendants in this lawsuit.

4. Paragraph 4 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent that a response is deemed necessary, it is admitted that venue is proper in this judicial district.

5. Paragraph 5 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, it is admitted.

6. Paragraph 6 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, it is admitted only that Plaintiff has exhausted her administrative remedies with respect to her Pennsylvania Human Relations Act ("PHRA") claims against Defendant Keystone.

## PARTIES

7. Defendants' answers to Paragraphs 1 through 6 are incorporated as if fully set forth herein.

8. Admitted, upon information and belief.

9. Admitted.

10. Admitted in part, denied in part. It is admitted only that, at all times relevant to the Amended Complaint, Defendant LaRochelle was a managerial employee of Defendant Keystone who had authority with respect to hiring, firing, promotion and disciplinary decisions, subject to oversight by Defendant Keystone's Division Director and Department of Human Resources. The remaining averments of Paragraph 10 of the

Amended Complaint are denied. It is specifically denied that Defendant LaRochelle had any decision-making authority with respect to approving or disapproving medical leave.

11. Paragraph 11 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 11 are admitted.

12. Paragraph 12 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, it is admitted that Defendant Keystone acts through its duly authorized agents.

## FACTUAL BACKGROUND

13. Defendants' answers to Paragraphs 1 through 12 are incorporated as if fully set forth herein.

14. Denied as stated. Defendant Keystone hired Plaintiff on or about September 12, 2008 as a Community Support Specialist ("CSS") on a casual basis. Plaintiff changed her employment status multiple times during her employment. She became a full-time Senior CSS on or about January 30, 2012. In 2014, Plaintiff was assigned to the Fairview residence home ("Fairview"), which is part of Defendant Keystone's South East Division, located in Lancaster, Pennsylvania. Plaintiff resigned from Defendant Keystone's employ effective October 22, 2014, to move to Florida. To the extent the averments of Paragraph 14 of the Amended Complaint contradict this response, they are denied.

15. Denied as stated. During Plaintiff's employment with Defendant Keystone, Defendant LaRochelle was a Service Director whose responsibilities included but were not limited to oversight of Program Directors for Defendant Keystone's residential

homes, including Fairview. Plaintiff reported directly to the Program Director responsible for Fairview and the Madison residence home (the "Fairview/Madison Program Director"). To the extent the averments of Paragraph 15 of the Amended Complaint contradict this response, they are denied.

16. It is admitted only that Plaintiff was pregnant during the first three months of 2014.

17. Denied as stated. Defendant Keystone's Human Resources Director, Joanne DeHaven ("Ms. DeHaven"), explained the FMLA leave process to Plaintiff. Plaintiff first requested intermittent Family and Medical Leave Act ("FMLA") leave and continuous maternity leave in 2013, the process for which is managed by a third party administrator. Her requests were granted. Defendant LaRochelle was aware that Plaintiff was pregnant and was approved for FMLA leave. To the extent the averments of Paragraph 17 of the Amended Complaint contradict this response, they are denied.

18. Denied as stated. Plaintiff took continuous FMLA maternity leave from on or about April 16, 2014 to June 9, 2014. On or about January 27, 2014, the Fairview/Madison Program Director, Plaintiff's immediate supervisor, ceased working for Defendant Keystone. To the extent the averments of Paragraph 18 of the Amended Complaint contradict this response, they are denied.

19. Denied. Answering further, when the then-Fairview/Madison Program Director left Defendant Keystone's employ in January 2014, Plaintiff temporarily assumed *limited* responsibilities for Fairview, in addition to her Senior CSS responsibilities, while Defendant Keystone sought to fill the Fairview/Madison Program Director vacancy. By way of example, Plaintiff assumed scheduling for Fairview and

grocery responsibilities for the residence; however, she did not assume the operational or personnel supervisory responsibilities associated with a full-time Program Director position, and she did not assume <u>any</u> responsibilities for the Madison residence home. Plaintiff received a temporary pay increase commensurate with the additional responsibilities she assumed at Fairview, while the Fairview/Madison Program Director position was vacant.

20. Denied as stated. Plaintiff expressed interest in applying for the Fairview/Madison Program Director vacancy to Ms. DeHaven and Defendant LaRochelle. Plaintiff did not, however, at any time relevant hereto, assume the full duties or responsibilities of a Program Director generally, or of the Fairview/Madison Program Director specifically. Answering further, the answer to Paragraph 19 of the Amended Complaint is incorporated as if fully set forth herein. To the extent the averments of Paragraph 20 contradict this response, they are denied.

21. Denied.

22. It is admitted only that Plaintiff was not selected for the Fairview/Madison Program Director position and that she was notified of the same in or around March 2014. The remaining averments of Paragraph 22 of the Amended Complaint set forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the remaining averments of Paragraph 22 are denied. Answering further, the answers to Paragraphs 19, 20 and 21 are incorporated as if fully set forth herein.

23. Admitted in part, denied in part. It is admitted only that a male was selected for the Fairview/Madison Program Director position. The remaining averments

of Paragraph 23 of the Amended Complaint are denied.  It is specifically denied that Plaintiff was qualified for the Fairview/Madison Program Director position.

24. Denied as stated.  Answering further, when Plaintiff returned from her FMLA maternity leave on or about June 9, 2014, she continued to perform her full-time role as a Senior CSS assigned to Fairview.  To the extent the averments of Paragraph 24 of the Amended Complaint contradict this response, they are denied.

### First Cause of Action
### Title VII of the Civil Rights Act of 1964
### Against Defendant Keystone Only

25. Defendants' answers to Paragraphs 1 through 24 are incorporated as if fully set forth herein.

26. Paragraph 26 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of Paragraph 26 are denied.

27. Paragraph 27 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of Paragraph 27 are denied.

### Second Cause of Action
### Family and Medical Leave Act
### Against All Defendants

28. Defendants' answers to Paragraphs 1 through 27 are incorporated as if fully set forth herein

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Paragraph 34 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 34 are denied.

35. Paragraph 35 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 35 are denied.

36. Paragraph 36 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 36 are denied.

### Third Cause of Action
### Pennsylvania Human Relations Act
### Against Defendant Keystone Only

37. Defendants' answers to Paragraphs 1 through 36 are incorporated as if fully set forth herein.

38. Paragraph 38 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 38 are denied. Answering further, the answers to Paragraphs 25 through 27 are incorporated as if fully set forth herein.

39. Paragraph 39 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 39 are denied.

40. Paragraph 40 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of Paragraph 40 are denied. It is specifically denied that that Defendants engaged in any unlawful conduct with respect to Plaintiff or that Plaintiff has suffered any damages or is entitled to any relief.

Plaintiff's unnumbered "WHEREFORE" clause and its subparts A through G set forth a prayer for relief and request for trial by jury, to which no response is required. To the extent a response is deemed necessary, it is denied that Defendants engaged in any unlawful conduct with respect to Plaintiff or that Plaintiff has suffered any damages or is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a cause of action under the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964 ("Title VII") or the PHRA entitling her to any of the damages and relief sought herein, including, but not limited to, front pay, back pay, benefits, compensatory damages, punitive damages, liquidated damages, costs and attorneys' fees, and any equitable or specific relief asserted.

2. Plaintiff cannot prove a causal connection between her FMLA leave and her non-selection for the Fairview/Madison Program Director position in or about March 2014 or any alleged adverse action by Defendants.

3. All employment decisions made and actions taken by Defendants were made or taken for legitimate, non-discriminatory and non-retaliatory reasons that were not pretextual.

4. Plaintiff received all leave to which she was entitled under the FMLA.

5. Assuming, <u>arguendo</u>, that Defendants acted with an unlawful motive, though they did not, Defendants would have taken or made the same actions or decisions with regard to Plaintiff in the absence of said alleged unlawful motive.

6. All employment decisions made and actions taken by Defendants were made or taken in good faith.

7. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by her own acts, omissions, or conduct.

8. Plaintiff may not recover liquidated damages in this action because none of the Defendants acted willfully and Defendants have taken good faith measures to comply with the FMLA, Title VII and the PHRA.

9. To the extent Plaintiff seeks recovery of punitive damages, damages for emotional distress and/or pain and suffering for her FMLA claims, she is not entitled to recovery of such damages pursuant to that statute.

10. Plaintiff has a duty to mitigate her alleged damages and losses, her entitlement to recovery for which Defendants expressly deny.  Any claim for relief must be set off and/or reduced by all compensation and benefits received by Plaintiff or which Plaintiff would have received with the exercise of reasonable diligence.

11. Defendants reserve the right to assert additional defenses or affirmative defenses as they may become available or apparent through continuing investigations and discovery.

WHEREFORE, Defendants Keystone Service Systems, Inc., and Mary LaRochelle respectfully request that the Court enter judgment against Plaintiff, Venetta Bowen, and for Defendants in this matter.

McNEES WALLACE & NURICK LLC

By /s/ Kelley E. Kaufman
Jennifer E. Will (I.D. No. 84824)
jwill@mwn.com
Kelley E. Kaufman (I.D. No. 307246)
kkaufman@mwn.com
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 232-8000

*Attorneys for Defendants Keystone Service Systems, Inc. and Mary LaRochelle*

Dated:  August 24, 2015

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served electronically through the ECF system of the Court, upon the following:

>Ari R. Karpf, Esquire
>Adam C. Lease, Esquire
>Karpf, Karpf & Cerutti, P.C.
>Two Greenwood Square
>3331 Street Road, Suite 128
>Bensalem, PA 19020

        /s/ Kelley E. Kaufman
        Kelley E. Kaufman

Dated:  August 24, 2015